Smith, C. J.,
summed up to the jury.
The question, by the pleadings, is, whether, at the birth of the pauper, M. N. had a settlement in Plastow. It is incumbent on Kingstown to establish this point, or they fail in the prosecution. She was born in Kingstown about twenty-seven years ago, say 1781. But, it is alleged, afterwards, and before 1796, she gained a settlement by residing more than a year at the house of one Stephen Flanders (the house occupied after-wards by one David Flanders), and that this place is within the town of Plastow. Though under the age of twenty-one, she was capable, when separated from her father’s family, of *242 gaining a settlement by habitancy. The fact of her living at Flanders’s more than a year, between 1786 and 1796, is admitted. And the only question is, whether that house was within Plastow. "What is now Kingstown and Plastow was originally Kingstown, incorporated as such, near a century ago. Plastow was set off by lines, 1749.
As it respects the question of. settlement by habitancy, in a case circumstanced like the present, there are two ways of determining it: 1; By the actual exercise of jurisdiction by one of the towns ; 2. By evidence of charter lines.
From the evidence, it would seem, in this case, that, from the date of the charter of Plastow, 1749, till 1794, Flanders was poor, and his land of little value; but both were taxed in Kingstown till about 17 94; and Flanders considered himself to every purpose an inhabitant of Kingstown, and was so considered by Kingstown. It does not appear that Plastow exercised any jurisdiction till that time. Before that, however, the question had been agitated between sundry inhabitants and selectmen of the two towns. Plastow was desirous of acquiring this addition of territory and inhabitants, and Kingstown opposed. The selectmen of the two towns, in 1794, perambulated the line and made return of their doings, which was recorded, but not ratified by either town (it is believed they were recorded in the respective town books). By this perambulation, Flanders’s house falls a few rods within limits of Plastow. Since that, Kingstown has made no claim, and exercised no jurisdiction. Plastow has.
It is not clear whether M. N. lived more than a year after 1794 at Flanders’. She did before.
. It seems reasonable that the exercise of jurisdiction should determine the matter of settlement. By suffering a person to inhabit in a town more than a year, without being warned out, a settlement, at that time, was gained. And the limits of a town may well be supposed to be the jurisdictional lines, (a) and not the true charter lines, .if different. If Kingstown exercised jurisdiction over Flanders and his farm while M. N. lived there, for this purpose she may be considered as living, *243 and consequently settled, in Kingstown. If Kingstown selectmen wished to prevent it, they would have warned her out. Plastow could not, with any propriety, (a) If, therefore, in the opinion of the jury, Kingstown exercised exclusive jurisdiction over Flanders and bis farm till 1794, and Plastow neither exercised nor claimed any jurisdiction till that time, and M. N. did not reside more than a year after that in the same place, the leaning of my mind at present is, that, in this case, M. N. is to be considered as living in Kingstown; and so, for tbe same reason, if sbe lived more than a year in the same place after the perambulation of 1794, she must be considered as living in Plastow; however the true divisional line between tbe two towns may run. If tbe jurisdiction actually exercised does not distinctly appear, or if it were of the mixed kind, then it is not conclusive, and evidence of the true line must be resorted to. The exercise of jurisdiction will then be evidence (but not conclusive) as to the true line.
It is certainly true that the selectmen, by a perambulation, or by taxing, &c., cannot bind the corporate body. But, if no objection is made, the town may be presumed to acquiesce, and to recognize their acts. There is no other way, in many cases, of proving tbe actual exercise of jurisdiction, power over persons and property, &c., by a town.
Tlie next question will be, whether the true line of division *244 between Plastow and Kingstown, according to the charter of Plastow, leaves Flanders’s house in Plastow.
As this was mere matter of fact, it is not thought useful to state the evidence or summing up.
N. B. Verdict for Kingstown. There had been two former trials between same parties: 1st, respecting ¿maintenance of M. N., the mother, —verdict, February, 1807, for Plastow ; 2d, respecting the maintenance of S. M., illegitimate son of M. N., — verdict, September, 1807, for Kingstown. In this third case, motion for new trial, verdict against law and evidence. Refused per Curiam. It does not appear that jury decided question of law wrong. There was evidence, on both sides, on each point; full, fair trial. Judgment.[1]

 The lines claimed, and peaceably and undisturbedly enjoyed.'

 When it is said in the statute, ed. 1805, 301, Prov. Law, 140, 263, that every person who hath lived a year in any town or place shall he deemed an inhabitant, unless such person shall have been warned out, within the year, by warrant from the selectmen of the town, directed to a constable thereof, &c., wo are to understand the town both as to territory and inhabitants as they then are, or are reputed to be. Suppose that, after exercising jurisdiction peaceably to a certain line, it should he found that the place where the three selectmen and constable warning out actually lived was out of the limits of the town. Would this render such proceedings invalid? It is apprehended not. Their acts, at the time, were the acts of the town in which they were supposed to live. As Flanders was an inhabitant of Kingstown for the purpose of voting, training, being taxed, &c., he shall to every other purpose be deemed so, and his house and land in Kingstown. Suppose Flanders sued as of Kingstown, and plead in abatement, 1792, of Plastow. Plea bad. He is of Kingstown for this purpose. A plea of abatement for misnomer does not depend on lines running, surveyor’s compass, &e.

 S. P. Northwood v. Durham, 1820, 2 N. H. 242.
See note to Currier v. Basset, reported, ante.